413 A.2d 416

**COMMONWEALTH of Pennsylvania**

v.

**Salvatore PERILLO, Appellant.**

Superior Court of Pennsylvania.

Argued July 24, 1979.

Filed Oct. 26, 1979.

Petition for Allowance of Appeal Denied March 12, 1980.

302

———————

Nino V. Tinari, Philadelphia, for appellant.

Harry M. Spaeth, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

MONTGOMERY, Judge:

Appellant was convicted of murder in the first degree by a jury on February 4, 1975. Following a direct appeal to our Supreme Court,[1] this conviction was reversed on the basis of prosecutorial misconduct and the case was remanded for a new trial. The Commonwealth reindicted the appellant. Appellant then filed a petition to dismiss the indictment based on a claim of double jeopardy due to prosecutorial overreaching during the first trial. The lower court denied the petition and this appeal followed.[2]

The question presented by appellant on appeal is whether, since the conviction from the first trial was reversed by the Supreme Court due to the prosecutorial misconduct of the District Attorney, should the Commonwealth be precluded from bringing the case to trial a second time.

It is noted initially, having been challenged by the Commonwealth in its brief, that appellant may file a motion to dismiss bills of indictment based on a claim of double jeopardy following a successful appeal from a conviction and the grant of a new trial. The opinion of Justice Nix in *Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133 (1978) would advocate otherwise and find that the successful appeal from a judgment of conviction posed no bar to further prosecution on the same charge. However, the majority of the justices in that case, while concurring in the result reached by Justice Nix, took issue with his interpretation of the double jeopardy protection. As stated by Justice Roberts in his concurring opinion,

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

1. *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977).

2. Jurisdiction to hear an appeal from the denial of a pre-trial motion to dismiss bills of indictment on double jeopardy grounds is based on *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

The Opinion of Mr. Justice Nix states that an appellant who obtains reversal of his conviction on appeal is never, on principles of Double Jeopardy, entitled to discharge for errors occurring at trial . . . In *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978), five of the six participating Justices decided this issue to the contrary. In his opinion in Support of Affirmance, Mr. Justice Pomeroy examined the policies underlying Double Jeopardy and concluded that 'a distinction between granting a new trial at the urging of defendant and ordering a mistrial at his request is without significance for double jeopardy purposes.' 478 Pa. at 259, 386 A.2d at 921 (Opinion by Pomeroy, J., joined by Eagen, J., and O'Brien, J.) In opinions in support of reversal, Mr. Justice Mandarino and I reached the same conclusion as did Mr. Justice Pomeroy. Thus, a majority of this court has rejected the position the Opinion of Mr. Justice Nix advocates today.

Accepting the above analysis by Justice Roberts as the present state of this issue in Pennsylvania, we therefore conclude that appellant is properly before us on appeal from the denial of his motion to dismiss. We further find no waiver of the double jeopardy claim, herein, due to appellant's failure to raise it in earlier filed post verdict motions. At that point the claim was merely anticipatory and not ripe for review since there was no assurance that the Commonwealth would in fact retry appellant were his appeal successful.

However, even having determined that this appeal is properly before this court, we must still deny appellant the relief which he seeks finding his claims of prosecutorial overreaching to be without merit.

Appellant seems to rely on the Supreme Court's finding of prosecutorial misconduct as sufficient to bar retrial. However, misconduct does not necessarily constitute overreaching, and it is the latter which will preclude further prosecution on the basis of double jeopardy. Under *Commonwealth v. Potter*, supra, a retrial will be barred, "when

the prosecuting lawyer, judged by an objective standard, must be deemed to have been substantially certain that a mistrial would be declared as a result of his questions to witnesses or other conduct at trial." Id., 478 Pa. at 267, 386 A.2d 926. In such cases, a review of the record should disclose that the prosecutor engaged in conduct which was intended to abort the trial in an effort to secure a more favorable opportunity to convict appellant.

■ In the instant case, there is little question that the district attorney established a pattern of repeatedly objectionable misconduct, and we strongly condemn the type of prosecution antics which the record reveals. However, we fail to find an intent, on the part of the prosecutor, to abort the trial, rather, we make note of the overwhelming evidence tending to establish appellant's guilt as a factor militating against an inference of prosecutorial bad faith. See *Commonwealth v. Potter*, supra.

Based on the district attorney's highly objectionable conduct, appellant has been granted a new trial. This is not only the appropriate remedy in this case, but it is also the only relief to which appellant is entitled.

Order affirmed.